UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STAN MERIWETHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:17-cv-02453-TWP-DLP |
| ) | |
| FRONTIER COMMUNICATIONS, ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS**

This matter is before the Court on a Partial Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendant Frontier North Inc.[1] ("Frontier") ([Filing No. 12](#)). On July 20, 2017, *pro se* Plaintiff Stan Meriwether ("Meriwether") filed a Complaint to assert claims against his former employer, Frontier, for racial harassment and discrimination, retaliation, wrongful termination based on race, and disability discrimination for failing to accommodate. Frontier filed the instant Partial Motion to Dismiss alleging lack of timeliness in filing his lawsuit and the statute of limitations. Also before the Court is Meriwether's Motion to Strike Partial Motion to Dismiss ([Filing No. 25](#)). For the reasons that follow, the Court **grants** Frontier's Partial Motion to Dismiss and **denies** Meriwether's Motion to Strike.

### I. BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the complaint and draws all

---

[1] Frontier notes that it was improperly identified in the case caption as "Frontier Communications," which did not employ Meriwether and is not the proper defendant in this matter. Instead, Frontier North Inc., Meriwether's former employer, is an affiliate of Frontier Communications Corporation and is the properly-named defendant.

inferences in favor of Meriwether as the non-moving party. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

Meriwether, an African-American male, began working for Frontier in May 2010 as a Customer Technician II. His job was to repair customers' telephone and internet services when those services were interrupted. His job occasionally involved using a ladder and climbing telephone poles. Soon after Meriwether began working for Frontier, when he arrived at a particular location to make a repair, an individual came out of a home in the neighborhood and fired several shots from a shotgun. Meriwether asked not to be sent back to that location; however, his request was overlooked. Upon returning to the neighborhood, he noticed graffiti written on an overpass, which read, "[W]e shoot niggers for fun." ([Filing No. 1 at 2](Filing No. 1 at 2).) Meriwether asked that he not to be sent to that location again, but his supervisor still assigned him to jobs in that service area. As soon as he was able, Meriwether requested a transfer to a different supervisor in a different location, which was granted. *Id.*

Sometime in 2013, Meriwether injured his rotator cuff on the job. As a result of the injury, he was unable to perform physical tasks as he had performed them prior to the injury. Meriwether needed surgery, which occurred in 2013. After his surgery, he was not allowed to return to work for a period of time. He was eventually released to return to work in 2014 with the need of assistance when using his ladder. *Id.* at 2–3.

Frontier would not allow Meriwether to return to his former position. Instead, Frontier offered Meriwether a job that was located five hours away that paid one-third of the salary he was previously paid. Comparable jobs to the job Meriwether had prior to his injury were available and much closer to the area in which Meriwether worked. He requested one of the closer jobs, but his request was denied. Frontier terminated Meriwether's employment in June 2014. *Id.* at 3.

Meriwether asserts that a Caucasian employee, who did the same job as Meriwether and worked under the same supervisor, also injured his rotator cuff and needed surgery. After the Caucasian employee was injured, he was allowed to return to work on light duty prior to his surgery. His light duty assignments consisted of working in the office or riding with other technicians. He was allowed to return to work after his surgery to do his regular job, and he received assistance from other technicians to do his job. *Id.*

Meriwether initiated this lawsuit to pursue claims for racial harassment and discrimination, retaliation, wrongful termination based on race, and disability discrimination for failing to accommodate. Frontier filed the instant Partial Motion to Dismiss, arguing that the statute of limitations had run on some of Meriwether's claims, and as such, those claims must be dismissed.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski*, 550 F.3d at 633. However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581

3

F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### III. DISCUSSION

As an initial matter, the Court notes that Meriwether incorrectly docketed his response in opposition to Frontiers' Partial Motion to Dismiss as a "Motion to Strike Partial Motion to Dismiss". The Court considered Meriwether's arguments asserted in this filing when deciding the Partial Motion to Dismiss. However, in order for the Court's docket to accurately reflect the resolution of the pending motions, the Court **denies** the "Motion to Strike Partial Motion to Dismiss" ([Filing No. 25](#)).

It is undisputed that Meriwether filed a Charge of Discrimination with the Indiana Civil Rights Commission ("ICRC Charge") in October 2013. His ICRC Charge alleged race and disability discrimination based on Frontier's refusal to provide an accommodation and because they "would not allow [him] to return to work with restrictions" in August 2013 after his injury and surgery ([Filing No. 13-3 at 2](#)–3). Following years of litigation over this limited issue, on June 1, 2017, Meriwether requested the withdrawal of his ICRC Charge so that he could pursue his claim in federal court ([Filing No. 13-4 at 2](#)). Meriwether filed the Complaint in this Court on July 20, 2017 ([Filing No. 1](#)).

4

Frontier acknowledges that Meriwether's claim based on the ICRC Charge is timely filed—the claim for race and disability discrimination because Frontier refused to provide an accommodation and would not allow him to return to work with restrictions in August 2013. However, Frontier argues that the other claims in Meriwether's Complaint—the claims for racial harassment and discrimination, retaliation, and wrongful termination based on race—were not timely filed and therefore they are time barred and must be dismissed. Frontier notes that Meriwether filed his Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (the "EEOC") ("EEOC Charge") in December 2014. The EEOC Charge alleged race and disability discrimination and retaliation based on Frontier's refusal to provide an accommodation and then terminating Meriwether ([Filing No. 13-1 at 2](#)). Meriwether's EEOC Charge alleged race and disability discrimination from August 21, 2014 to September 9, 2014. *Id.* The EEOC issued a dismissal and notice of right to sue to Meriwether on September 9, 2015 ([Filing No. 13-2 at 2](#)).

Frontier argues that the claims asserted in the EEOC Charge clearly are time barred, as these claims had to be filed in federal court within ninety days of Meriwether's receipt of the EEOC's dismissal and notice of right to sue. Meriwether waited until July 2017 to initiate this lawsuit, which is almost two years after the EEOC's September 2015 dismissal and notice. Frontier further argues that Meriwether's racial harassment/hostile work environment claim based on gunshots and racial graffiti in 2010 must be dismissed because these allegations were not even raised in the ICRC Charge or the EEOC Charge, and additionally, this lawsuit was initiated more than four years after the events' occurrences. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382–83 (2004) (statute of limitations for 42 U.S.C. § 1981 claims is four years).

5

In response to Frontier's Partial Motion to Dismiss, Meriwether asserts, "the material facts are not in dispute, further the element of time barred statutes of limitations to file & seek remedy based on those material facts and the date & time of the 'right to sue' letter issued by the E.E.O.C. also are not in dispute." ([Filing No. 25 at 3](#).) Meriwether then argues that Frontier is "comingl[ing]" and "conflat[ing]" these material facts with the material facts of "the case before the court filed with the 'right to sue' letter dated 6-8-2017," which are "clearly not time barred". *Id.* Meriwether asserts that "Exhibit 1" and "Exhibit 2" (the EEOC Charge and the EEOC dismissal and notice of right to sue) concern "a separate and complete matter on it's [sic] own merit & restrictions as it relates to time barred statutes." *Id.* at 4.

Case law is clear that workplace harassment and discrimination claims as well as retaliation claims must be pursued first through the administrative process, and after that process is complete, a claimant must file their claim in federal court within ninety days of receiving the EEOC's notice of right to sue. "Under 42 U.S.C. § 2000e—5(e)(1), in order for allegedly harassing conduct to be actionable, a plaintiff must file a charge with the EEOC within 300 days of when the unlawful employment practice occurred. A claim is time-barred if it is not filed within this time limit." *Somers v. Express Scripts Holdings*, 2017 U.S. Dist. LEXIS 54970, at *29 (S.D. Ind. Apr. 11, 2017); *Lewis v. City of Chi.*, 528 F.3d 488, 490 (7th Cir. 2008) (300 days to file administrative charges). *See also Lee v. Cook County*, 635 F.3d 969, 971 (7th Cir. 2011) (recipients of EEOC right to sue letters "have 90 days to commence litigation" under Title VII); *Lloyd v. Swifty Transp., Inc.*, 552 F.3d 594, 600 (7th Cir. 2009) ("Under the ADA a plaintiff must file suit within ninety days of receiving notice of his right to sue.").

The EEOC issued the dismissal and notice of right to sue to Meriwether on September 9, 2015. Meriwether filed this lawsuit in July 2017. This clearly is well beyond the ninety-day

window in which Meriwether was required to pursue his claims in this Court. Meriwether acknowledges this much in his response to the Motion. Additionally, Meriwether failed to assert any allegations regarding the gunshots and racial graffiti in either of his administrative charges. Based on these facts and the unambiguous case law, these claims must be dismissed.

However, as Frontier acknowledged and as Meriwether explained in his response—"the case before the court filed with the 'right to sue' letter dated 6-8-2017" (on June 1, 2017, Meriwether requested the withdrawal of his ICRC Charge so that he could pursue his claim in federal court)—the claim for race and disability discrimination based on Frontier's refusal to provide an accommodation in August 2013 was timely filed after the ICRC Charge. Accordingly these claims may proceed.

## IV. CONCLUSION

For the reasons stated above, Frontier's Partial Motion to Dismiss, (Filing No. 12), is **GRANTED**, and Meriwether's Motion to Strike Partial Motion to Dismiss, (Filing No. 25), is **DENIED**. The claims for racial harassment and discrimination, retaliation, and wrongful termination based on race are **DISMISSED** as untimely filed. Meriwether's claim for race and disability discrimination based on Frontier's refusal to provide an accommodation in August 2013, as alleged in the ICRC Charge, is the only claim that may proceed in this litigation.

**SO ORDERED.**

Date: 9/18/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Stan Meriwether
1900 North Congress Avenue, Apt 409
West Palm Beach, Florida 33401

Brian Lee Mosby
LITTLER MENDELSON, P.C.
bmosby@littler.com